LITTLER MENDELSON, P.C.
900 Third Avenue
New York, NY 10022
212.583.9600

Attorneys for Defendants
MARSHALLS OF MA, INC., MARMAXX OPERATING
CORPORATION, d/b/a MARMAXX GROUP, THE TJX
COMPANIES INC.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARTIN GUILLEN, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>MARSHALLS OF MA, INC., a Delaware corporation; MARMAXX OPERATING CORPORATION, d/b/a MARMAXX GROUP, a Delaware Corporation; THE TJX COMPANIES INC. a Delaware corporation, and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 09-Civ-9575 (AKH)<br><br>**ECF CASE**<br><br>**DEFENDANTS' ANSWER AND STATEMENT OF ADDITIONAL AND AFFIRMATIVE DEFENSES** |

Defendants MARSHALLS OF MA, INC., MARMAXX OPERATING CORPORATION, and THE TJX COMPANIES, INC. (collectively, "Defendants"), as and for their Answer to the "FLSA Collective Action for Failure to Pay Overtime Wages" ("Complaint") filed by Plaintiff, MARTIN GUILLEN ("Plaintiff"), state and allege as follows:

### PRELIMINARY STATEMENT

1.  Defendants admit that certain subsidiaries of The TJX Companies, Inc., own and operate certain retail stores doing business as "Marshalls" in certain states and territories of the

United States, including New York and Puerto Rico; and deny the remaining allegations contained in paragraph 1 of the Complaint.

2. Defendants deny the allegations contained in paragraph 2 of the Complaint.

3. Defendants deny the allegations contained in paragraph 3 of the Complaint.

4. Defendants deny the allegations contained in paragraph 4 of the Complaint.

## NATURE OF THE ACTION

5. Defendants admit that Plaintiff purports to bring this action to recover unpaid overtime wages and other relief on his own behalf, and on behalf of other "similarly situated" current and former assistant store managers; deny that Plaintiff is entitled to the relief sought or any relief whatsoever; deny that Plaintiff is similarly situated to any other current and former assistant store managers; and deny the remaining allegations contained in paragraph 5 of the Complaint.

6. Defendants admit that Plaintiff purports to bring this action on his own behalf, and on behalf of other "similarly situated" current and former assistant store managers, pursuant to the Federal Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"); deny that Plaintiff is entitled to the relief sought or any relief whatsoever; deny that Plaintiff is similarly situated to any other current and former assistant store managers; and deny the remaining allegations contained in paragraph 6 of the Complaint.

## JURISDICTION AND VENUE

7. Defendants admit that Plaintiff purports to allege this Court's subject-matter jurisdiction over his claims pursuant to federal law; deny the substance of Plaintiff's claims; and deny the remaining allegations contained in paragraph 7 of the Complaint.

8. Defendant affirmatively allege that the provisions of federal law, 28 U.S.C. §§ 2201 and 2202, speak for themselves; and deny the remaining allegations contained in paragraph 8 of the Complaint.

9. Defendants admit that Plaintiff purports to allege that venue is proper in the Southern District of New York; and deny the remaining allegations contained in paragraph 9 of the Complaint.

## THE PARTIES

10. Defendants admit that, at certain times, Plaintiff was employed as an Assistant Store Manager at a Marshalls retail store located in New York City, New York. Defendants lack information sufficient to admit or deny the allegations concerning Plaintiff's State of residency, and accordingly deny the same. Defendants deny the remaining allegations contained in paragraph 10 of the Complaint.

11. Defendants admit that Marshalls of MA, Inc., maintains its principal place of business in the State of Massachusetts; admit that The TJX Companies, Inc., is incorporated under the laws of the State of Delaware and maintains its principal place of business in the State of Massachusetts; admit that Marmaxx Operating Corporation is incorporated under the laws of the State of Delaware and maintains its principal place of business in the State of Massachusetts; and deny the remaining allegations contained in paragraph 11 of the Complaint.

12. Defendants lack information sufficient to admit or deny the allegations contained in paragraph 12 of the Complaint, and accordingly deny the same.

13. Defendants deny the allegations contained in paragraph 13 of the Complaint.

## CLASS ALLEGATIONS

14. Defendants admit that Plaintiff purports to bring this action on his own behalf, and on behalf of other "similarly situated" current and former assistant store managers, pursuant

to the FLSA; deny that Plaintiff is similarly situated to any other current and former assistant store managers; and deny the remaining allegations contained in paragraph 14 of the Complaint.

15. Defendants deny the allegations contained in paragraph 15 of the Complaint.

16. Defendants deny the allegations contained in paragraph 16 of the Complaint.

**GENERAL ALLEGATIONS COMMON TO ALL CLAIMS**

17. Defendants admit that Plaintiff purports to bring this action behalf of other "similarly situated" current and former assistant store managers; deny that Plaintiff is similarly situated to any other current and former assistant store managers; and deny the remaining allegations contained in paragraph 17 of the Complaint.

18. Defendants deny the allegations contained in paragraph 18 of the Complaint.

19. Defendants deny the allegations contained in paragraph 19 of the Complaint.

20. Defendants deny the allegations contained in paragraph 20 of the Complaint.

21. Defendants deny the allegations contained in paragraph 21 of the Complaint.

22. Defendants deny the allegations contained in paragraph 22 of the Complaint.

23. Defendants deny the allegations contained in paragraph 23 of the Complaint.

24. Defendants deny the allegations contained in paragraph 24 of the Complaint.

25. Defendants deny the allegations contained in paragraph 25 of the Complaint.

**FIRST CLAIM FOR RELIEF**
**FAILURE TO PAY OVERTIME COMPENSATION**
**(Fair Labor Standards Act)**
**(Brought on Behalf of Plaintiff and all Collective Class Members)**

26. Defendants reallege and incorporate their responses to all previous allegations contained in the Complaint.

27. Defendants admit that, at certain times, Plaintiff was employed by Marshalls of MA, Inc.; admit that Defendants, at certain times, have generated gross revenues on an annual

basis that exceeds the amount of $500,000.00; and deny the remaining allegations contained in paragraph 27 of the Complaint.

28. Defendants affirmatively state that the provisions of the FLSA speak for themselves; and deny the remaining allegations contained in paragraph 28 of the Complaint.

29. Defendants affirmatively state that the first sentence of paragraph 29 of the Complaint states a conclusion of law to which no response is required. Defendants lack information sufficient to admit or deny the remaining allegations contained in paragraph 29, and accordingly deny the same.

30. Defendants deny the allegations contained in paragraph 30 of the Complaint.

31. Defendants admit that, during his employment as an Assistant Store Manager at a Marshalls retail store in New York City, New York, Plaintiff was classified as exempt from the overtime obligation imposed by the FLSA and did not receive overtime compensation. Defendants lack information sufficient to admit or deny the allegations concerning "the Collective Class," and accordingly deny the same. Defendants deny the remaining allegations contained in paragraph 31 of the Complaint.

32. Defendants deny the allegations contained in paragraph 32 of the Complaint.

33. Defendants deny the allegations contained in paragraph 33 of the Complaint.

34. Defendants deny the allegations contained in paragraph 34 of the Complaint.

35. Defendants admit that Plaintiff purports to recover unpaid overtime wages and other relief on his own behalf and on behalf of other "similarly situated" current and former assistant store managers; deny that Plaintiff is entitled to the relief sought or any relief whatsoever; and deny the remaining allegations contained in paragraph 35 of the Complaint.

36. Defendants admit that Plaintiff purports to recover attorneys' fees and costs on his own behalf and on behalf of other "similarly situated" current and former assistant store managers; deny that Plaintiff is entitled to the relief sought or any relief whatsoever; and deny the remaining allegations contained in paragraph 36 of the Complaint

37. Unless otherwise and expressly admitted or otherwise qualified in this Answer, Defendants deny each and every allegation contained in the Complaint.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

1. To the extent that the period of time alluded to in the Complaint, or the period of time alleged later in this action, predates the limitations period set forth in Section 6(a) of the Portal-to-Portal Act, 29 U.S.C. § 255(a), and by principles of laches, such claims are barred.

2. Plaintiff's claims are barred in whole or in part by the provisions of Section 10 of the Portal-to-Portal Act, 29 U.S.C. § 259 because actions taken in connection with Plaintiff's compensation were done in good faith in conformity with and reliance upon written administrative regulations, orders, rulings, approvals, interpretations, or written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor.

3. Plaintiff's claims are barred in whole or in part by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 260 because any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the actions or omissions were not a violation of the FLSA.

4. Plaintiff's claims are barred in whole or in part to the extent that the work she performed falls within exemptions or exceptions provided under the FLSA, 29 U.S.C. § 201, *et seq.*, including those exemptions contained in Section 13(a) and/or (b) of the FLSA.

5. Plaintiff's claims are barred in whole or in part by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. § 254, as to all hours during which Plaintiff was engaged in activities which were preliminary or postliminary to his principal activities.

6. Plaintiff's claims are barred in whole or in part by the doctrine of *de minimis non curet lex*.

7. Defendants at all times acted in good faith to comply with the FLSA and any applicable state law and with reasonable grounds to believe that their actions did not violate the statutes or other laws cited in the Complaint, and Defendants assert a lack of willfulness or intent to violate the FLSA as a defense to any claim by Plaintiff for liquidated damages or other statutory penalties.

8. There are no employees of any Defendant who are similarly situated to Plaintiff, as that term is defined and/or interpreted under the FLSA, 29 U.S.C. § 216(b).

9. Plaintiff has failed to exercise reasonable care to mitigate her damages, if any were suffered, and his right to recover against Defendants should be reduced and/or eliminated by such a failure.

10. Plaintiff's claims fail, in whole or in part, because he has sued an improper party.

11. Plaintiff's request for injunctive relief fails to state a claim and should be dismissed because there is no risk of irreparable injury or harm. Plaintiff has an adequate remedy at law.

12. Some or all of the affirmative or additional defenses asserted herein may apply to the claims that may be asserted by some or all of the allegedly "similarly situated" persons, as describe in the Complaint.

13. Pending the conclusion of further discovery and investigation, Defendants respectfully reserve the right to add such further or supplemental defenses as may be warranted by the information developed through discovery and proper to the full defense of this litigation.

**WHEREFORE**, Defendants respectfully request the Court grant the following relief:

1. Judgment be entered dismissing Plaintiff's Complaint on the merits and with prejudice;

2. Awarding Defendants their attorneys' fees, costs, and disbursements, as appropriate; and

3. Directing such other relief as the Court deems just and equitable.

Date:   January 8, 2010
        New York, New York

_____
Gary D. Shapiro
gshapiro@littler.com
LITTLER MENDELSON, P.C.
900 Third Avenue
New York, NY 10022
212.583.9600

Andrew J. Voss
*Pro Hac Vice application forthcoming*
avoss@littler.com
LITTLER MENDELSON, P.C.
1300 IDS Center
80 South 8th Street
Minneapolis, MN 55402.2136
612.630.1000

        Lisa A. Schreter (GA 629852)
*Pro Hac Vice application forthcoming*
lschreter@littler.com
LITTLER MENDELSON, P.C.
3348 Peachtree Road, N.E., Suite 1500
Atlanta, GA 30326-4803
404.233.0330

Attorneys for Defendants
MARSHALLS OF MA, INC., MARMAXX
OPERATING CORPORATION, and THE
TJX COMPANIES INC.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARTIN GUILLEN, Individually and on behalf of all others similarly situated,<br><br>               Plaintiff,<br><br>               -against-<br><br>MARSHALLS OF MA, INC., a Delaware corporation; MARMAXX OPERATING CORPORATION, d/b/a MARMAXX GROUP, a Delaware Corporation; THE TJX COMPANIES INC. a Delaware corporation, and DOES 1 through 100, inclusive,<br><br>               Defendants. | Case No. 09-Civ-9575 (AKH)<br><br>**ECF CASE**<br><br>**CERTIFICATE OF SERVICE** |

      I, Gary D. Shapiro, declare under penalty of perjury that on January 8, 2010, I served a true and correct copy of the foregoing Defendants' Answer and Statement of Additional and Affirmative Defenses upon the following parties via the Court's CM/ECF System:

              Dylan Pollard
              Matt Bailey
              Shawn Khorrami
              Khorrami Pollard & Abir, LLP
              444 South Flower Street
              33rd Floor
              Los Angeles, CA  90071

              Marc Scott Hepworth
              Hepworth, Gershbaum & Roth, PLLC
              192 Lexington Avenue
              New York, NY  10016

              Attorneys for Plaintiff

New York, New York
January 8, 2010

                                                      Gary D. Shapiro

Firmwide:93595699.1 053070.1038