Marc Hepworth
**HEPWORTH, GERSHBAUM & ROTH, PLLC**
192 Lexington Avenue, Suite 802
New York, New York 10016
Telephone:   (212) 545-1199
Facsimile:    (212) 532-3801
Marc@HGRlawyers.com

Shawn Khorrami
Robert Drexler
Launa Adolph
**KHORRAMI POLLARD & ABIR LLP**
444 S. Flower St., Thirty-Third Floor
Los Angeles, California 90071
Telephone:   (213) 596-6000
Facsimile:    (213) 596-6010
rdrexler@kpalawyers.com

*Attorneys for Plaintiff,*
*Martin Guillen*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MARTIN GUILLEN, Individually and on behalf of all
others similarly situated,

                              Plaintiff.          Case No.: 09 CIV 9575

          -against-

MARSHALLS OF MA, INC., a Delaware corporation;
MARMAXX OPERATING CORPORATION, d/b/a
MARMAXX GROUP, a Delaware Corporation; THE
TJX COMPANIES INC. a Delaware corporation, and
DOES 1 through 100, inclusive,

                              Defendants.
------------------------------------------------------------------X

**PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION
OF A COLLECTIVE ACTION**

**TABLE OF CONTENTS**

I.   PRELIMINARY STATEMENT..............................................................................1

II.  STATEMENT OF FACTS...................................................................................2

     A.   Plaintiff's FLSA Claim................................................................................2

     B.   The Proposed FLSA Class.........................................................................3

III. ARGUMENT........................................................................................................6

     A.   Difference between F.R.C.P. 23 and 29 U.S.C. § 216(b)..........................6

     B.   The Purpose and Benefits of Conditional Certification.............................7

     C.   Legal Standard Applicable to Conditional Certification of a Collective Action..8

     D.   Collective Certification Is Appropriate as Plaintiff is "Similarly Situated" to those Potential Plaintiffs Whom He Seeks to Represent.............................9

     E.   Plaintiff's Proposed Notice to Potential Plaintiffs is Fair and Proper..............11

     F.   Discovery of Contact Information for Potential Plaintiffs is Necessary and Proper..........................................................................................................11

     G.   Defendants Should be Required to Post a Notice in All Marshalls Stores........12

III. CONCLUSION....................................................................................................13

# TABLE OF AUTHORITIES

**CASES**

*Anglada v. Linen's 'N Things,*
    2007 U.S. Dist. LEXIS 39105 (S.D.N.Y. 2007)............................................12

*Cook v. United States,*
    109 F.R.D. 81 (E.D.N.Y. 1985)..................................................................8

*Cuzco v. Orion Builders, Inc.,*
    477 F.Supp.2d 628 (S.D.N.Y. 2007).......................................................8, 12

*Damassia v. Duane Reade, Inc.,*
    250 F.R.D. 152 (S.D.N.Y. 2008)................................................................6

*Fasanelli v. Hearland Brewery, Inc.,*
    516 F. Supp. 2d 323 (S.D.N.Y 2007)........................................................12

*Gjurovich v. Emmanuel's Marketplace, Inc.,*
    282 F.Supp.2d 101 (S.D.N.Y. 2003).......................................................8, 11

*Hallissey v. Am. Online, Inc.,*
    2008 U.S. Dist. LEXIS 18387 (S.D.N.Y. 2008)...........................................6

*Heagney v. European Am. Bank,*
    122 F.R.D. 125 (E.D.N.Y 1988).................................................................6

*Hens v. Clientlogic Operations Corp.,*
    No. 05-CV-381S (W.D.N.Y Sept. 26, 2006)............................................12

*Hoffmann-LaRoche, Inc. v. Sperling,*
    493 U.S. 165 (1989)......................................................................7, 11, 12

*Iglesias-Mendoza v. LaBelle Farm, Inc.,*
    239 F.R.D. 363 (S.D.N.Y. 2007)...........................................................8, 12

*Lee v. ABC Carpet & Horne,*
    236 F.R.D. 193 (S.D.N.Y. 2006)..............................................................12

*Lewis v. Nat'l Fin. Sys.,*
    2007 U.S. Dist. LEXIS 62320 (S.D.N.Y. 2007)..........................................6

*Lynch v. United Services Auto Assoc.,*
    491 F. Supp.2d 357 (S.D.N.Y. 2007)....................................................8, 11

*Mendoza v. Casa de Cambio Delgado, Inc.,*
    2008 U.S. Dist. LEXIS 61557 (S.D.N.Y. 2008)..........................................8

*Nerland v. Caribou Coffee Co.*,
    564 F. Supp. 2d 1010 (D. Minn. 2007).................................................................1

*Patton Thomson Corp.*,
    364 F. Supp. 2d 263 (E.D.N.Y. 2005)..................................................................12

*Realite v. Ark Restaurants Corp.*,
    7 F. Supp. 2d 303 (S.D.N.Y. 1998)........................................................................8

*Rubery v. Buth-Na-Bodhaige, Inc.*,
    569 F. Supp. 2d 334 (W.D.N.Y. 2008).............................................................8, 12

*Scholtisek v. Eldre Corp.*,
    229 F.R.D. 381 (W.D.N.Y. 2005)..........................................................................8

*Sherrill v. Sutherland Global Servs.*,
    487 F. Supp. 2d 344 (W.D.N.Y. 2007).................................................................12

*Young v. Cooper Cameron Corp.*,
    229 F.R.D. 50 (S.D.N.Y. 2005)..............................................................................9

*Zhao v. Benihana, Inc.*,
    2001 U.S. Dist. LEXIS 10678 (S.D.N.Y. 2001)....................................................9

## **STATUTES**

29 U.S.C. § 216(b)....................................................................................................1, 6, 7

Fed. R. Civ. Proc. 23......................................................................................................6

## **PRELIMINARY STATEMENT**

Plaintiff Martin Guillen ("Plaintiff") submits this Memorandum of Law in support of Plaintiff's Motion for Conditional Certification of a Collective Action, pursuant to 29 U.S.C. § 216(b) of the Fair Labor Standards Act ("FLSA"), of the following proposed class:

> All persons who are or have been employed by Marshalls in the position of Assistant Store Manager in the United States and classified as exempt from overtime compensation at any time within the last three (3) years.

For the reasons discussed herein, conditional certification of this action as a collective action is appropriate pursuant to 29 U.S.C. § 216(b), as proposed collective action class members are rendered similarly situated by way of Defendants' expansive set of uniform corporate policies and practices, including Defendants' categorical exemption policy which serves as the basis for this case. Indeed, that Defendants were able to maintain a nationwide categorical exemption policy precludes Defendants from mounting any credible argument that Plaintiff is not entitled to certification under the liberal first prong of Section 216(b). *See, e.g., Nerland v. Caribou Coffee Co.*, 564 F. Supp. 2d 1010, 1024 (D. Minn. 2007) ("The Court finds it disingenuous for Caribou, on one hand, to collectively and generally decide that all store managers are exempt from overtime compensation without any individualized inquiry, while on the other hand, claiming the plaintiffs cannot proceed collectively to challenge the exemption. Caribou's objections are wholly inconsistent with its own internal policies and practices.").

As such, Plaintiff respectfully requests this Honorable Court enter an order: (1) conditionally certifying this suit as a collective action; (2) authorizing Plaintiff's attorneys to provide court-supervised notice to all potential collective class members concerning the case and their right to participate by "opting in" as plaintiffs; (3) ordering Defendants to produce, in a computer-readable format, the names, last known mailing addresses, alternate addresses (if any),

all known telephone numbers, email addresses, social security numbers and dates of employment of all potential class members to facilitate providing such opt-in notice; and (4) ordering Defendants to post the notice in all stores owned and/or operated by Defendants regarding this case to all potential collective class members.

## STATEMENT OF FACTS

### I. Plaintiff's FLSA Claim

On November 18, 2009, Plaintiff filed this action against Marshalls of MA, Inc., Marmaxx Operating Corporation d/b/a Marmaxx Group and The TJX Companies Inc. ("Defendants") claiming violations of the mandatory overtime provisions of the FLSA.[1]

Plaintiff worked as an Assistant Store Manager ("ASM") at a Marshalls retail store in Bronx, New York from approximately 2007 through September 2008. Affidavit of Martin Guillen ("Guillen Aff.") (attached to Hepworth Affirmation as Exh. "1"), ¶ 2. Plaintiff was paid a salary and regularly worked in excess of 40 hours per week. *See* Complaint, ¶¶ 10, 24; Guillen Aff., ¶¶ 3-4. In fact, Plaintiff worked an average of 60-70 hours per week with the knowledge, permission and encouragement of his superiors. *See* Guillen Aff., ¶ 4. While Defendants classified Plaintiff as an exempt employee, Plaintiff was in fact a "non-exempt" employee under the provisions of the FLSA, and should have been paid at a rate of one-and-one-half times his regular hourly rate for all hours worked over forty (40) hours. *See* Complaint, ¶ 2. Defendants, however, failed to correctly pay overtime in the amount of one-and-one-half times Plaintiff's regular rate of pay. *See id.*

---

[1] On January 8, 2010, Defendants filed an Answer and Statement of Additional and Affirmative Defenses. On March 1, 2010, this case was transferred from the Honorable Alvin K. Hallerstein to this Honorable Court.

Plaintiff contends that Defendants' classification of Plaintiff as an "exempt" employee was unjustified, as no exemptions under the FLSA are applicable to the position and responsibilities that Plaintiff maintained for Defendants (*id.* at ¶¶ 2, 32), and further contends that Defendants willfully committed violations of the FLSA by intentionally failing to correctly compensate ASMs for all overtime hours worked in excess of forty (40) hours per week at a rate of one-and-one-half times their regular rate of pay. *See* Complaint, ¶¶ 4, 31. Plaintiff seeks to recover unpaid overtime wages, interest, costs and attorneys' fees on behalf of himself and the proposed collective class for said violations.

## II. The Proposed FLSA Class

Plaintiff requests conditional certification, and authorization to provide notice, to the following class of potential opt-in litigants:

> All persons who are or have been employed by Marshalls in the position of Assistant Store Manager in the United States and classified as exempt from overtime compensation at any time within the last three (3) years.

Conditional certification and notice are merited under applicable legal standards, as all such ASMs were subject to the same policies and procedures at issue in this action.

First, all ASMs, excluding only ASMs employed in California, were subjected to Defendants' nationwide corporate policy which categorically classified all ASMs as "exempt" employees. *See* Guillen Aff.; Affidavit of Nicole Archibald ("Archibald Aff.") (attached to Hepworth Affirmation as Exh. "2"); Affidavit of Zobeyda Morales ("Morales Aff.") (attached to Hepworth Affirmation as Exh. "3"); Affidavit of Ellen Ogaian ("Ogaian Aff.") (attached to Hepworth Affirmation as Exh. "4"); Affidavit of Lady Diana Santillian ("Santillian Aff.") (attached to Hepworth Affirmation as Exh. "5") (collectively "Plaintiff's Affidavits"), ¶ 3.

3

Pursuant to Defendants' policy, ASMs did not receive overtime compensation despite the fact that, on average, ASMs worked more than 50 hours per week. *See* Plaintiff's Affidavits, ¶¶ 3-4.

Second, all ASMs were subject to standardized company policies and performed materially identical job functions and tasks. Indeed, all ASMs received uniform training through Defendants' standardized **five week** Management Training Program. *See* Plaintiff's Affidavits, ¶ 5; *see also* Archibald Aff., Exh. "A"; Morales Aff., Exh. "A"; Santillian Aff., Exh. "A" (Management Training Program materials). Moreover, all ASM's were subjected to a plethora of uniform, predetermined policies and practices which controlled every aspect of operations. *See, e.g.*, Archibald Aff., Exh. "A", pp. 29, 31, 33, 38-39, 41-43, 45, 59, 67, 94-95; Morales Aff., Exh. "A", pp. 50, 52-53, 55-56, 60-61, 78, 82-84, 86; Santillian Aff., Exh. "A", pp. 29, 31, 33, 38-39, 41-43, 45, 59, 67, 94-95 (Management Training Program sections detailing (1) procedures for opening and closing the store, (2) fitting room policies and procedures, (3) maintenance policies and procedures, (4) backroom organization policies and procedures, (5) delivery truck policies and procedures (6) merchandise policies and procedures (7) markdown policies and procedures, (8) front line "registers" policies and procedures, (9) service desk policies and procedures, and (10) layaway policies and procedures). Such policies deprived ASMs of meaningful independent managerial discretion. *See* Plaintiff's Affidavits, ¶ 10.

Additionally, consistent with Defendants' standardized training, all ASMs were expected to perform similar job duties. *See* Morales Aff., Exh. "A", pp. 13-15 (Management Training Program: Assistant Manager – Merchandising Job Description and Management Training Program: Assistant Manager – Operations Job Description); Archibald Aff., Exh. "A", p. 8 (Management Responsibilities); Santillian Aff., Exh. "A", p. 8 (Management Responsibilities); Plaintiff's Affidavits, ¶¶ 5-6. As the affidavits submitted by Plaintiff in support of this motion

demonstrate, the duties performed by ASMs, regardless of the store in which they worked, were virtually identical. *See* Plaintiff's Affidavits, ¶¶ 5-6.

Third, despite Defendants' "idealized" job descriptions, ASMs in fact spent the majority of their work time performing non-managerial duties, such as stocking, pulling merchandise, cleaning and neatening the store, sweeping floors, wiping counters, emptying trash, unloading delivery trucks, bringing merchandise from stock rooms to the sales floor, emptying shopping carts by department, removing hangers and merchandise from registers, bagging merchandise, cleaning and removing clothing from fitting rooms, and other tasks which were also performed by non-exempt hourly employees. *See* Plaintiff's Affidavits, ¶¶ 6, 8.

ASMs performed very little work in terms of "management." In fact, Defendants maintained "centralized control" over all of their stores, nationwide, through a top-heavy hierarchical management structure. *See* Archibald Aff., Exh. "A", p. 4; Morales Aff., Exh. "A", p. 8; Santillian Aff., Exh. "A", p. 4 (Management Training Program –Organization Chart – Corporate Structure); Archibald Aff., Exh. "A", p. 5; Morales Aff., Exh. "A", p. 9; Santillian Aff., Exh. "A", p. 5 (Management Training Program –Organization Chart – Regional Structure); Archibald Aff., Exh. "A", p. 6; Morales Aff., Exh. "A", p. 10; Santillian Aff., Exh. "A", p. 6 (Management Training Program –Organization Chart – Store Structure). Defendants' regional management infrastructure is substantial and extensive, consisting of multiple distinct regional units, each of which contain the following management positions: a Regional Vice President, Regional Loss Prevention Manager, Regional Assistant Vice President of Operations, District Manager, Regional Manager of Human Resources, Regional Investigations Manager, Area Loss Preventions Manager, Regional Recruitment Manager, Regional Associate Manager, and District Loss Prevention Manager. *See* Archibald Aff., Exh. "A", p. 5; Morales Aff., Exh. "A",

5

p. 9; Santillian Aff., Exh. "A", p. 5 (Management Training Program –Organization Chart – Regional Structure). Thus, ASMs had almost nothing to do with "managing" the store, as this was done externally by the various District and Regional Managers and the corporate headquarters, and internally by Store Managers. *See* Plaintiff's Affidavits, ¶ 9.

## ARGUMENT

### I.   Difference between F.R.C.P. 23 and 29 U.S.C. § 216(b)

In most federal class actions, the issues of joinder and notice to potential class members are governed by Federal Rule of Civil Procedure 23. Collective actions under the FLSA, however, do not proceed under Rule 23 but, instead, are governed by 29 U.S.C. § 216(b). There are several fundamental differences between a Rule 23 class action and a collective action under Section 216(b).

First, the standard for grant of a collective action under Section 216(b) is far less stringent than under Rule 23 for class certification. *Heagney v. European Am. Bank*, 122 F.R.D. 125, 127 n.2 (E.D.N.Y 1988); *Hallissey v. Am. Online, Inc.*, 2008 U.S. Dist. LEXIS 18387, at *5 (S.D.N.Y. 2008).

Second, under Section 216(b), members of the class must affirmatively "opt-in" to a civil action, while in a Rule 23 class action each person within the class description is presumed a member of the class is therefore bound by the judgment unless the person "opts out" of the suit. *See Damassia v. Duane Reade, Inc.*, 250 F.R.D. 152, 162 (S.D.N.Y. 2008). Third, unlike Rule 23 class actions, collective actions are not subject to numerosity, commonality and typicality requirements. *Lewis v. Nat'l Fin. Sys.*, 2007 U.S. Dist. LEXIS 62320, at *5-6 (S.D.N.Y. 2007). Section § 216(b) provides that:

> Any employer who violates [the minimum wage or maximum hours provisions of this title] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages . . . An action to recover the liability . . . may be maintained . . . in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

As Plaintiff brings the instant action on behalf of himself and other employees similarly situated as required in 29 U.S.C. § 216(b), Plaintiff moves the Court to certify the instant action as a collective action so that those similarly-situated can be provided with notice and the opportunity to "opt-in" to this action to seek similar redress.

## II.   The Purpose and Benefits of Conditional Certification

In order to properly manage litigation, courts are authorized and frequently expedite and facilitate the discovery of and notice to potential opt-in plaintiffs by conditionally certifying the class. *Hoffmann-LaRoche, Inc. v. Sperling*, 493 U.S. 165, 110 S. Ct. 482 (1989). The Supreme Court has found that the benefits of a collective action "depend on employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." *Id.* at 167. Accordingly, the process of conditional certification is justified by the court's "managerial responsibility to oversee the joinder of additional parties to assure the task is accomplished in an efficient and proper way." *Id.* Expediting this notification process is especially important in an FLSA action in order to avoid prejudice to the potential opt-in plaintiffs given that the statute of limitations for the FLSA claims of those possible plaintiffs is not tolled by the filing of Plaintiff's Complaint. *See* 29 U.S.C. § 256(b). Therefore, by granting conditional certification and allowing for timely notification, the district court ensures that potential opt-in plaintiffs are given the opportunity to

7

join the action before their claims are time-barred. *See Cook v. United States*, 109 F.R.D. 81, 83 (E.D.N.Y. 1985).

### III.   Legal Standard Applicable to Conditional Certification of a Collective Action

In determining whether a suit may proceed as a collective action under the FLSA, "[c]ourts typically undertake a two-stage review... As a first step the court examines pleadings and affidavits, and if the court finds the proposed class members are similarly situated, the class is conditionally certified." *See Cuzco v. Orion Builders, Inc.*, 477 F.Supp.2d 628, 632 (S.D.N.Y. 2007). The evidentiary standard is lenient at this stage, the plaintiff need make only a "modest factual showing" that he and the other putative collective action members "together were victims of a common policy or plan that violated the law." *Rubery v. Buth-Na-Bodhaige, Inc.*, 569 F. Supp. 2d 334, 336 (W.D.N.Y. 2008); *see also Realite v. Ark Restaurants Corp.*, 7 F. Supp. 2d 303, 306 (S.D.N.Y. 1998). A plaintiff's burden at this step is minimal, "especially since the determination that potential plaintiffs are similarly situated is merely a preliminary one." *Scholtisek v. Eldre Corp.*, 229 F.R.D. 381, 387 (W.D.N.Y. 2005) (quoting *Gjurovich v. Emmanuel's Marketplace, Inc.*, 282 F.Supp.2d 101, 106 (S.D.N.Y. 2003) (internal quotation marks and citation omitted)); *see also Iglesias-Mendoza v. LaBelle Farm, Inc.*, 239 F.R.D. 363, 368 (S.D.N.Y. 2007).

At the initial assessment stage, before discovery is completed, the court does not evaluate factual disputes, credibility, or the merits of the claims (*Lynch v. United Services Auto Assoc.*, 491 F. Supp.2d 357, 368-369 (S.D.N.Y. 2007)), and factual variances in employees' positions, work locations, dates of employment and hours worked will not defeat a finding that employees are similarly situated. *Mendoza v. Casa de Cambio Delgado, Inc.*, 2008 U.S. Dist. LEXIS 61557, at *6 (S.D.N.Y. 2008). Rather, the focus of the certification motion is squarely focused

on determining "whether the proposed plaintiffs are similarly situated with respect to their allegations that the law has been violated." *Young v. Cooper Cameron Corp.*, 229 F.R.D. 50, 54 (S.D.N.Y. 2005). Thus, the evidence produced at this stage can be "scant" and a court may still certify the case as a collective action. *Zhao v. Benihana, Inc.*, 2001 U.S. Dist. LEXIS 10678, at *12 (S.D.N.Y. 2001).

## IV. Collective Certification Is Appropriate as Plaintiff is "Similarly Situated" to those Potential Plaintiffs Whom He Seeks to Represent

In the instant action, Plaintiff easily satisfies his minimal burden – showing that he is similarly situated to the potential plaintiffs he seeks to represent – through the allegations in his Complaint and the affidavits and documents submitted in support of this motion. The relevant proof shows that:

- All ASMs, excluding only ASMs employed in California, were subjected to Defendants' nationwide corporate policy categorically classifying all ASMs as "exempt" employees. *See* Plaintiff's Affidavits, ¶ 3.

- All ASMs received uniform training through Defendants' standardized **five week** Management Training Program. *See generally* Archibald Aff., Exh. "A"; Morales Aff., Exh. "A"; Santillian Aff., Exh. "A" (Management Training Program materials); *see also* Plaintiff's Affidavits, ¶¶ 5, 10.

- All ASMs were subject to standardized company policies and performed materially identical job functions and tasks. *See* Morales Aff., Exh. "A", pp. 13-15 (Management Training Program: Assistant Manager – Merchandising Job Description and Management Training Program: Assistant Manager – Operations Job Description); Archibald Aff., Exh. "A", p. 8 (Management Responsibilities);

9

Santillian Aff., Exh. "A", p. 8 (Management Responsibilities); Plaintiff's Affidavits, ¶ 5.

- Despite Defendant's "idealized" job descriptions, ASMs in fact spent the majority of their work time performing non-managerial duties. *See* Plaintiff's Affidavits, ¶ 7.

Defendants maintained "centralized control" over all of their stores nationwide through a top-heavy hierarchical management structure and performed the bulk of store management externally. *See* Archibald Aff., Exh. "A", p. 4; Morales Aff., Exh. "A", p. 8; Santillian Aff., Exh. "A", p. 4 (Management Training Program –Organization Chart – Corporate Structure); Archibald Aff., Exh. "A", p. 5; Morales Aff., Exh. "A", p. 9; Santillian Aff., Exh. "A", p. 5 (Management Training Program –Organization Chart – Regional Structure); Archibald Aff., Exh. "A", p. 6; Morales Aff., Exh. "A", p. 10; Santillian Aff., Exh. "A", p. 6 (Management Training Program –Organization Chart – Store Structure); Plaintiff's Affidavits, ¶ 9.

This evidentiary showing is more than sufficient to meet the minimal – pre-discovery – threshold showing required for conditional certification on the first prong. While Plaintiff anticipates that Defendants likely will seek to challenge the merits of Plaintiff's contentions, any such challenges must be reserved for the second prong after discovery has been conducted.

In sum, the allegations in the Complaint, the affidavits of Plaintiff and members of the proposed class and supporting documentation clearly establish that the potential class members are similarly situated to Plaintiff in job duties and responsibilities and suffered as a result of the same unfair payment practices and policies of Defendants. As such, Plaintiff has made a sufficient factual showing to permit conditional certification of this action.

10

## V.     Plaintiff's Proposed Notice to Potential Plaintiffs is Fair and Proper

Plaintiff seeks an order authorizing Plaintiff's attorneys to send a Notice of Collective Action ("Notice") and Plaintiff Consent Form to potential plaintiffs.[2] As required, Plaintiff's proposed Notice is "timely, accurate, and informative." *See Hoffmann-La Roche*, 493 U.S. at 172. Additionally, the proposed Notice comports with judicially-established requirements for the form and content of FLSA notices. As such, the Notice should be approved by this Court.

Court-authorized notice of collective actions under the FLSA ensures accurate and timely notice, particularly where "plaintiffs' claims are [at] risk of being extinguished by the running of the statute of limitations" because of the FLSA opt-in requirements. *Lynch*, 491 F. Supp.2d at 371. Although there are no specific requirements governing the form of a court-authorized notice to potential plaintiffs (*Gjurovich*, 282 F.Supp.2d at 105-106), in general, courts approve notices that convey or contain the following information: (1) the scope of the collective action; (2) the rights of potential plaintiffs with respect to joining the action by filing opt-in consent forms; (3) the deadline for filing opt-in consent forms; (4) the consequences of opting-in; (5) a description of the FLSA statute of limitations; (6) the restrictions on retaliation by the employer; and (7) information about plaintiffs' counsel. *Lynch*, 491 F. Supp.2d at 372-73. As, Plaintiff's proposed Notice contains all of the elements listed above, the court should issue an order approving the form of the Notice and its dissemination to potential plaintiffs.

## VI.    Discovery of Contact Information for Potential Plaintiffs is Necessary and Proper

Plaintiff requests that the Court order Defendants to produce a computer-readable list of all Assistant Store Managers within the last three years with names, last known mailing

---

[2] *See* Plaintiff's proposed Notice of Collective Action and Plaintiff Consent Form attached to the Affirmation of Marc Hepworth In Support of Plaintiff's Motion for Conditional Certification as Exh. "6".

11

addresses, alternate addresses (if any), all known telephone numbers, email addresses, social security numbers and dates of employment within five business days of the Court granting the instant motion. Courts regularly order defendants in FLSA collective actions to disclose to the named plaintiffs the names, last known mailing addresses, last known telephone numbers, e-mail addresses and dates of employment of potential collective action plaintiffs. *Lee v. ABC Carpet & Horne*, 236 F.R.D. 193, 202 (S.D.N.Y. 2006) (*citing Hoffmann-La Roche*, 493 U.S. at 171); *Iglesias-Mendoza v. LaBelle Farm, Inc.*, 239 F.R.D. 363, 370 (S.D.N.Y. 2007); *see also Fasanelli v. Hearland Brewery, Inc.*, 516 F. Supp. 2d at 323-4 (ordering discovery of names and addresses of potential opt-ins); *Hens v. Clientlogic Operations Corp.*, No. 05-CV-381S, 2006 WL 2795620, at *5 (W.D.N.Y Sept. 26, 2006); *Anglada v. Linen's 'N Things*, 2007 U.S. Dist. LEXIS 39105, *22 (S.D.N.Y. 2007) (same), adopted without opinion, 2007 U.S. Dist. LEXIS 38918 (S.D.N.Y. 2007); *Cuzco*, 477 F.Supp.2d at 637 (same). Additionally, courts have approved disclosure of social security numbers subject to a confidentiality agreement. *See Patton Thomson Corp.*, 364 F. Supp. 2d 263, 268 (E.D.N.Y. 2005). As Plaintiff is willing to enter into a stipulation of confidentiality with regard to the social security numbers, disclosure is appropriate.

### VII.   Defendants Should be Required to Post a Notice in All Marshalls Stores

Posting a Notice is proper where, as here, there are numerous potential opt-in plaintiffs who will be able to view this information in a conspicuous location within each store and posting the notice will not be unduly burdensome to the defendant. *See Sherrill v. Sutherland Global Servs.*, 487 F. Supp. 2d 344, 351 (W.D.N.Y. 2007) (finding that requiring defendant to "post continuous notice of this action and opt-in forms in a conspicuous location in each of its call centers during the ninety-day opt-in period… along with the mailing of the notices, strikes the

appropriate balance between enduring adequate notification, while also minimizing any disturbance to [defendant's] workplace."); *see also Rubery Buth-Na-Bodhaige, Inc.*, 569 F. Supp. 2d 334, *12 (W.D.N.Y. Aug. 8, 2008) (finding "that it will not be overly burdensome to require defendant to post a hard copy of the class notice on each of its employee common area bulletin boards.") Accordingly, Defendants should be ordered to post a Noticein a conspicuous location in all Marshalls stores.

## CONCLUSION

Based on the foregoing argument and authority, Plaintiff respectfully requests this Court issue an order: (1) conditionally certifying this suit as a collective action; (2) authorizing Plaintiff's attorneys to send a Notice of this action along with a Consent Form (opt-in form) to all persons who are or have been employed by Defendants in the position of Assistant Store Manager in the United States and classified as exempt from overtime compensation at any time within the last three years; (3) ordering Defendants to produce, in a computer readable manner, the names, last known mailing addresses, alternate addresses (if any), all known telephone numbers, email addresses, social security numbers and dates of employment of all Assistant Store Managers within the last three years; and (4) ordering Defendant to post the Notice, along with the Consent forms, in a place where Assistant Store Managers are likely to view it in all Marshalls stores owned and/or operated by Defendants.

Dated: June 4, 2010                                   Respectfully submitted,
       New York, New York

                                                           /s/ Marc S. Hepworth
                                           Marc S. Hepworth
                                           Hepworth, Gershbaum & Roth, PLLC
                                           192 Lexington Avenue, Suite 802
                                           New York, New York 10016

                                           Shawn Khorrami
                                           Robert J. Drexler, Jr.
                                           Launa Adolph
                                           Khorrami, Pollard & Abir, LLP
                                           444 S. Flower St., Thirty-third Floor
                                           Los Angeles, California 90071

## CERTIFICATE OF SERVICE

I hereby certify that on June 4, 2010, a true and correct copy of the foregoing **PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION OF A COLLECTIVE ACTION** was filed and served electronically, via the CM/ECF system. Notification of this filing will be sent automatically to all counsel of record including defendants' counsel as follows:

Andrew J. Voss
avoss@littler.com
LITTLER MENDELSON P.C.
1300 IDS Center
80 South 8th Street
Minneapolis, MN 55402-2136
Telephone:   (612) 630.1000

*Attorneys for Defendants,*
Marshalls MA, Inc., Maramaxx Operating
Corporation, The TJX Companies, Inc.,

Gary D. Shapiro
gshapiro@littler.com
LITTLER MENDELSON P.C.
900 Third Avenue
New York, NY 10022-3298
Telephone:   (212) 583-9600
Facsimile:   (646) 924-3375

*Attorneys for Defendants,*
Marshalls MA, Inc., Maramaxx Operating
Corporation, The TJX Companies, Inc.

I further declare that on the date above-mentioned, I mailed a true and correct copy to the following non-CM/ECF participants:

Lisa A. Schreter
lschreter@littler.com
LITTLER MENDELSON P.C.
3348 Peachtree Road, N.E., Suite 1500
Atlanta, GA 30326-4803
Telephone:   (404) 233-0330

*Attorneys for Defendants,*
Marshalls MA, Inc., Maramaxx Operating
Corporation, The TJX Companies, Inc

KHORRAMI POLLARD & ABIR LLP

By: _____
DEBRA KNIGHTEN, Legal Assistant

SHAWN KHORRAMI
ROBERT J. DREXLER
LAUNA ADOLPH
444 S. Flower St., 33rd Floor
Los Angeles, California 90071
Telephone:   (213) 596-6000

*Attorneys for Plaintiffs,*