```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
MARTIN GUILLEN, individually and on behalf   :
of all others similarly situated,
                                             :   OPINION AND ORDER
              Plaintiff,                         09 Civ. 9575 (LAP) (GWG)
                                             :
       -v.-
                                             :
MARSHALLS OF MA, INC., a Delaware
corporation; MARMAXX OPERATING               :
CORPORATION, d/b/a MARMAXX GROUP, a
Delaware Corporation; THE TJX COMPANIES      :
INC., a Delaware corporation, and DOES 1
through 100, inclusive,                      :

              Defendants.                    :
---------------------------------------------------------------X
```

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

Martin Guillen has sued Marshalls of MA, Inc., Marmaxx Operating Corporation d/b/a Marmaxx Group, and the TJX Companies Inc. (collectively "Marshalls") alleging that Marshalls failed to pay him overtime wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., while he was employed as an Assistant Store Manager ("ASM"). See Complaint, filed Nov. 18, 2009 (Docket # 1). Guillen had previously moved to have this case conditionally approved as a nationwide collective action – a motion that we denied without prejudice in Guillen v. Marshalls of MA, Inc., 750 F. Supp. 2d 469 (S.D.N.Y. 2010) ("Guillen I"). Guillen now moves once again to have this case conditionally approved as a collective action.[1] As was true on the previous motion, he seeks to include in the collective

---

[1] See Notice of Plaintiff's Motion for Conditional Certification, filed Aug. 23 & 24, 2011 (Docket ## 44, 48); Plaintiff's Memorandum of Law in Support of Motion for Conditional certification, filed Aug. 24, 2011 (Docket # 49) ("Pl. Mem. of Law"); Declaration of Marc S. Hepworth, filed Aug. 24, 2011 (Docket # 50) ("Hepworth Decl."). Marshalls submitted papers in opposition, see Defendants' Memorandum of Law in Opposition to Plaintiff's Second Motion for Conditional Certification, filed Sept. 21, 2011 (Docket # 52) ("Def. Mem. of Law");

action all ASMs at Marshalls stores nationwide except for those in California. For the reasons stated below, the motion is denied.

I.  BACKGROUND

Marshalls is a retailer of apparel and home fashions in the United States. See TJX: The TJX Companies (annexed as Ex. A to Hepworth Decl.). As of 2010 there were 830 Marshalls stores in the United States. Id. Marshalls classifies ASMs as exempt from FLSA's overtime requirements because they "perform managerial duties," Def. Mem. of Law at 2, and thus are "employed in a bona fide executive, administrative, or professional capacity." 29 U.S.C. § 213(a)(1). To qualify for this exemption, the employee's "primary duty" must include the "exercise of discretion and independent judgment with respect to matters of significance." 29 C.F.R. § 541.200(a)(3).

In Guillen I, this Court held that Guillen could not obtain conditional approval of a nationwide class because Guillen had not shown that he was similarly situated to ASMs nationwide with respect to the central allegation in his complaint: that he spent most of his time performing non-managerial tasks and thus that Marshalls was required to pay him overtime compensation. 750 F. Supp. 2d at 479. The Court noted that Guillen's presentation on the question of whether he was similarly situated to ASMs nationwide was "extremely thin," consisting essentially of proof that Marshalls had a single job description for the ASM position and affidavits from five ASMs who experienced the allegedly illegal activities at nine stores in

---

Declaration of Justin R. Marino in Opposition to Plaintiff's Second Motion for Conditional Certification, dated Sept. 21, 2011 (annexed to Def. Mem. of Law), and Guillen submitted reply papers, see Plaintiff's Reply Memorandum of Law in Support of Motion for Conditional Certification, filed Oct. 21, 2011 (Docket # 55) ("Reply"); Declaration of Marc S. Hepworth (annexed to Reply).

the New York City area out of all the Marshalls stores nationwide. Id. at 477. Guillen I concluded that "that there is virtually no basis on which to conclude that ASMs nationwide are similarly situated to Guillen with respect to his allegation that he spent the majority of his time performing non-managerial tasks." Id. at 479.

Since his first motion for conditional approval, Guillen has conducted more discovery, including the depositions of six Marshalls witnesses. See Pl. Mem. of Law at 1. According to Marshalls' corporate witnesses, Marshalls has instituted responsibilities and duties for its ASMs that are meant to ensure uniformity across all stores. See Deposition of Gregory Griffin, dated Jan. 18, 2011 (annexed as Ex. C to Hepworth Decl.) ("Griffin Dep.") at 64. All Marshalls ASMs are trained in a uniform manner to ensure consistency throughout Marshalls stores. See Deposition of Jeffrey Misialek, dated Jan. 18, 2011 (annexed as Ex. L to Hepworth Decl.) at 26. There is a single written job description for all ASMs. See Griffin Dep. at 176-78; Uniform ASM Job Description (annexed as Ex. M to Hepworth Decl.); Guide to Store Management's and Coordinators' Duties and Responsibilities (annexed as Ex. O to Hepworth Decl.) ("Uniform Guide"). Additionally, all Marshalls stores operate according to a "BEST Methods program" under which Marshalls has established standards for how "some of the tasks in the stores get accomplished." See Deposition of Robert A. Borek, Jr., dated Jan. 26, 2011 (annexed as Ex. J to Hepworth Decl.) at 16. The ASMs are subject to the same training and the same work rules. See Pl. Mem. of Law at 9-11. Except for ASMs in California, all ASMs are classified as exempt from FLSA overtime requirements. Griffin Dep. at 122-24.

Despite the purported uniform corporate policy on ASM's, Guillen and several other ASMs in the New York City area who have joined the action as plaintiffs have testified that they perform a variety of non-exempt duties such as "cleaning, sweeping, bagging products, hanging

store signs, taking out the garbage, working the register, door to floor, recovery, and unloading the delivery truck." Pl. Mem. of Law at 5; accord Deposition of Martin Guillen, dated June 8, 2010 (annexed as Ex. D to Hepworth Decl.) at 362, 371, 373, 403; Deposition of Nicole Archibald, dated June 2, 2010 (annexed as Ex. E to Hepworth Decl.) ("Archibald Dep.") at 225, 361, 366, 368, 369; Deposition of Tanya Mack, dated May 25, 2011 (annexed as Ex. G to Hepworth Decl.) at 87, 123, 373, 377, 378, 379. Plaintiffs acknowledge that some of these non-exempt duties were not in their official job descriptions, see, e.g., Archibald Dep. at 361, but state that they were trained to do some non-exempt tasks, see, e.g., Deposition of Ellen Ogaian, dated June 3, 2010 (annexed as Ex. F to Hepworth Decl.) at 257. None of them, however, has pointed to evidence suggesting that Marshalls instituted a corporate policy, applicable nationwide, under which ASMs were expected to spend the majority of their time on non-exempt duties.

II.     GOVERNING LAW

The legal principles applicable to Guillen's motion were set forth in Guillen I, 750 F. Supp. 2d at 474-76, and will not be repeated at length here. In brief, the FLSA has long been construed to grant authority to a district court to mandate that notice be sent to potential plaintiffs informing them of the option to join an FLSA suit. See Hoffmann-La Roche Inc. v. Sperling, 493 U.S. 165, 169 (1989) ("[D]istrict courts have discretion, in appropriate cases, to implement 29 U.S.C. § 216(b) . . . by facilitating notice to potential plaintiffs."). "The threshold issue in deciding whether to authorize class notice in an FLSA action is whether plaintiffs have demonstrated that potential class members are 'similarly situated.'" Hoffman v. Sbarro, Inc., 982 F. Supp. 249, 261 (S.D.N.Y. 1997) (quoting 29 U.S.C. § 216(b)). Plaintiffs can meet this burden by making "a modest factual showing sufficient to demonstrate that they and potential

plaintiffs together were victims of a common policy or plan that violated the law." Id. (citing cases). At this preliminary stage, the focus of the inquiry "is not on whether there has been an actual violation of law but rather on whether the proposed plaintiffs are 'similarly situated' under 29 U.S.C. § 216(b) with respect to their allegations that the law has been violated." Young v. Cooper Cameron Corp., 229 F.R.D. 50, 54 (S.D.N.Y. 2005) (citation omitted). Once plaintiffs have opted in and after discovery is complete, "courts conduct a more stringent 'second tier' analysis upon a full record to decide whether the additional plaintiffs are similarly situated to the original plaintiffs." Indergit v. Rite Aid Corp., 2010 WL 2465488, at *4 (S.D.N.Y. June 16, 2010); accord Pefanis v. Westway Diner, Inc., 2010 WL 3564426, at *4 (S.D.N.Y. Sept. 7, 2010).

III. ANALYSIS

Guillen's latest motion adds virtually no evidence suggesting that Guillen is similarly situated to ASMs in Marshalls stores nationwide with respect to the main contention in this case: that he was required to perform tasks that rendered him non-exempt from the FLSA's overtime requirements. Guillen provides evidence from one additional ASM, Tanya Mack; but Mack, like the ASMs who submitted affidavits in Guillen I, was employed in New York City stores. See Deposition of Tanya Mack, dated May 25, 2011 (annexed as Ex. 9 to Marino Decl.) at 65-68. Essentially, Guillen simply reiterates the argument he made previously: that Marshalls has a uniform expectation of the ASMs' duties and responsibilities that applies to all stores nationwide, see Pl. Mem. of Law at 2, and that he and five other ASMs routinely performed non-exempt duties, see id. at 5. Guillen concludes that this is sufficient to show that he is similarly situated to ASMs in Marshalls stores nationwide. See Pl. Mem. of Law at 5, 19; Reply at 1.

Guillen provides no evidence, however, that could plausibly lead to the inference that

5

ASMs nationwide are performing non-exempt tasks.  There is nothing, for example, in Marshalls' job description that calls for the performance of these non-exempt duties.  Nor is there anything in the record suggesting that Marshalls expects ASMs nationwide to perform non-exempt work or is aware that they do so.  Thus, this case is distinguishable from many of the cases Guillen cites in support of his motion.  See, e.g., Lee v. ABC Carpet & Home, 236 F.R.D. 193, 198 (S.D.N.Y. 2006) (all potential plaintiffs were illegally misclassified as independent contractors); Sbarro, 982 F. Supp. at 261 (company admitted that it had a uniform policy that plaintiffs alleged was illegal); Young, 229 F.R.D. at 55 (employer did not dispute that the duties plaintiff alleged that he was required to perform were the same duties performed by all other persons in his job title).  Other cases cited by Guillen had evidence from which it could be concluded that all persons in a particular region sharing plaintiff's job title were similarly situated.  See, e.g., Greene v. C.B. Holding Corp., 2010 WL 3516566, at * 5 (E.D.N.Y. Aug. 12, 2010) (evidence submitted that illegal practices occurred in each state where defendant operated its locations).

      Guillen's argument boils down to the proposition that any employee classified as exempt by a company that does business nationwide is entitled to approval of a collective action for all employees of that business – who may number in the thousands and be spread across 50 states – simply based on the employee's testimony that he was required to perform non-exempt tasks.  We reject this argument because it ignores the requirement that plaintiff show he is similarly situated to the employees he proposes to include in the collective action with respect to his claim that he performed non-exempt duties.  Guillen has simply not made the "modest showing" required by case law that would allow the conclusion that ASMs across the country have been performing the non-exempt duties.  As one recent case in this district held, a "geographically

6

concentrated cluster of [store managers] whom [plaintiff] claims were assigned duties inconsistent with their exempt classification . . . is too thin a reed on which to rest a nationwide certification." Vasquez v. Vitamin Shoppe Indus. Inc., 2011 WL 2693712, at * 3 (S.D.N.Y. July 11, 2011); see generally Colson v. Avnet, Inc., 687 F. Supp. 2d 914, 927 (D. Ariz. 2010) (the "mere classification of a group of employees as exempt does not automatically dictate . . . whether collective action notification is appropriate") (citing Vinole v. Countrywide Home Loans, Inc., 571 F.3d 935, 946 (9th Cir. 2009)).

The language in Young noting that collective action approval focuses on "whether the proposed plaintiffs are 'similarly situated' . . . with respect to their allegations that the law has been violated," 229 F.R.D. at 54, was not intended to suggest that mere "allegations" that the proposed class is similarly situated to plaintiff is sufficient to obtain certification.  Rather, the plaintiff must provide "actual evidence of a factual nexus between his situation and [the persons] he claims are similarly situated." Prizmic v. Armour, Inc., 2006 WL 1662614, at * 2 (E.D.N.Y. June 12, 2006).  Here, Guillen has failed to provide any proof that he is similarly situated to ASMs across the nation.  Obviously, his pointing to a common policy at Marshalls regarding the job duties of ASMs provides no proof that other ASMs are performing non-exempt duties, particularly given that all policies and writings from Marshalls dictate just the opposite.  See, e.g, Uniform Guide at TJX 249-53.  Thus, as we previously stated, "there is virtually no basis on which to conclude that ASMs nationwide are similarly situated to Guillen with respect to his allegation that he spent the majority of his time performing non-managerial tasks." Guillen I, 750 F. Supp. 2d at 479.  Guillen's papers do not persuasively distinguish the cases cited in Guillen I that support the elemental notion that a collective action is inappropriate as to all employees of a common employer without a showing that the other employees are similarly

7

situated to the plaintiff with respect to the harm suffered by that plaintiff.  See, e.g., Baum v. Shoney's Inc., 1998 WL 968390 (M.D. Fla. Dec. 3, 1998), Laroque v. Domino's Pizza, LLC, 557 F. Supp. 2d 346, 352 (E.D.N.Y.2008); Morales v. Plantworks, Inc., 2006 WL 278154, at *3 (S.D.N.Y. Feb. 2, 2006).

Guillen has pointed to several recent cases from this district that he contends support his position.  However, these cases are all distinguishable for many of the same reasons we have already discussed.  For instance, Raimundi v. Astellas U.S. LLC, 2011 WL 5117030 (S.D.N.Y. Oct. 27, 2011), approved a nationwide class of sales representatives but does not advert to any dispute between the parties as to whether the employees were performing similar tasks nationwide.  In Raniere v. Citigroup Inc., - - - F. Supp. 2d - - -, 2011 WL 5881926 (S.D.N.Y. Nov. 22, 2011), the employer had reclassified members of the nationwide class as non-exempt.  Id. at *24.  Similarly, in Ibea v. Rite Aid Corp., 2011 U.S. Dist. LEXIS 151280 (S.D.N.Y. Jan. 6, 2012), there was evidence that the employer had ultimately eliminated the job title at issue and then offered everyone in that job title non-exempt work.  Id. at *6-*7.  Other cases cited by Guillen are also inapposite.  See, e.g., Malena v. Victoria's Secret Direct, LLC, 2010 WL 4642443, at *4 (S.D.N.Y. Nov. 16, 2010) (no indication that employer disputed that job duties plaintiff says she performed were performed by other individuals in that job title).  To the extent any cases cited by Guillen suggest that the mere classification of a job position as exempt is sufficient for a plaintiff to show that persons holding that job position nationwide are "similarly situated" with respect to allegations that the plaintiff was not performing work required by that job title, we respectfully disagree.[2]

---

[2] Guillen also notes that Guillen I cited to Holt v. Rite Aid Corporation, 333 F. Supp. 2d 1265 (M.D. Ala. 2004) and argue that Holt is not good law in this Circuit.  See Pl. Mem. of Law

Notably, another recent case in this district is factually similar to the situation here and reached the identical result. In Khan v. Airport Mgmt. Servs., LLC, 2011 WL 5597371 (S.D.N.Y. Nov. 16, 2011), plaintiff worked as a manager for a nationwide chain of newsstands with over 600 stores. He contended that despite the formal policies embodied in the employer's job descriptions for the manager titles, he and other employees "were not given duties in conformity with these policies." Id. at 4. Accordingly, he sought approval of a nationwide collective action on behalf of himself and other managers. In support of the motion, however, he offered no evidence that managers across the country engaged in non-exempt job duties. Instead, he pointed to the "centralized job descriptions that defendants maintain for each managerial position" and contended that "these nationwide policies negate the importance of any differences that may exist across defendants' individual operations." Id. The court rejected the motion to approve a nationwide collective action on the ground that plaintiff had "failed to meet his minimal burden of establishing the possibility of similarly situated individuals," because he

---

at 2 n.1. However, Guillen misapprehends the reason Guillen I cited Holt, which it cited only in passing. See 750 F. Supp. 2d at 476-77. Guillen believes that Guillen I cited Holt to demonstrate "the necessity of showing similarly situated [sic] as representing the same forms of activities done in the same proportions." Pl. Mem. of Law at 2 n.1. In fact, Guillen I cited Holt to support the proposition that "the mere fact that [plaintiffs] have identified managerial tasks as being in common does not establish that the Plaintiffs are similarly situated for purposes of the alleged FLSA violation, which hinges on an allegation of the performance of non-managerial duties" 750 F. Supp. 2d at 477. That Guillen must show that potential plaintiffs are similarly situated with respect to their allegations of illegal conduct – that is, not merely with respect to their being subject to a common job description – is well-settled. See, e.g. Myers v. Hertz Corp., 624 F.3d 537, 555 (2d Cir. 2010) cert. denied 132 S. Ct. 368 (2011) (Class notification is appropriate once "plaintiffs make a 'modest factual showing' that they and potential opt-in plaintiffs 'together were victims of a common policy or plan that violated the law.'") (quoting Sbarro, 982 F. Supp. 2d at 261); Cohen v. Gerson Lehrman Group, Inc., 686 F. Supp. 2d 317, 326 (S.D.N.Y. 2010) ("Plaintiffs need only make a modest factual showing that they and the other putative collective action members were victims of a common policy or plan that violated the law.") (internal quotation marks and citation omitted).

had "not produced sufficient evidence that there are other employees who may share his claim," id.

The result reached in Khan is in accord with other cases that rejected nationwide collective action approvals in the absence of evidence that persons nationwide were similarly situated to the plaintiff.  See, e.g., Vasquez, 2011 WL 2693712, at *3 (denying approval of nationwide class where evidence was provided only as to persons being assigned duties inconsistent with their exempt classification at stores in Brooklyn and Manhattan, a "geographically concentrated cluster");  Bramble v. Wal-Mart Stores, Inc., 2011 WL 1389510, at *8 (E.D. Pa. April 12, 2011) (noting "sparse evidence submitted to support plaintiffs' contention that all [persons in his job title nationwide] similarly performed non-exempt tasks"); Eng-Hatcher v. Sprint Nextel Corp., 2009 WL 7311383, at *3 (S.D.N.Y. Nov. 13, 2009) (no proof that plaintiff was similarly situated to employees nationwide with respect to her claim that she was required to work "off-the-clock"); see also Guan Ming Lin v. Benihana Nat'l Corp., 755 F.Supp.2d 504, 509-10 (S.D.N.Y.2010) (approval denied where plaintiff failed to provide evidence that employer had violated the FLSA in the same manner as to both plaintiff and other employees),

Plaintiff argues that in light of the FLSA's "broad remedial purpose" any over-inclusiveness in the scope of the collective action should be corrected during the second stage of review following conditional certification.  See Pl. Mem. Of Law at 12; Reply at 26.  But, as courts have noted, "[i]t would be a waste of the Court's and the litigants' time and resources to notify a large and diverse class only to later determine that the matter should not proceed as a collective action because the class members are not similarly situated." Adair v. Wisconsin Bell, Inc., 2008 WL 4224360, at *4 (E.D. Wis. Sept. 11, 2008) (citation and internal quotation marks

omitted); see also Rudd v. T.L. Cannon Corp., 2011 WL 831446, at *6 (N.D.N.Y. Jan. 4, 2011) (courts must be "mindful of the potential burdens associated with defending an FLSA claim involving a large and broadly defined collective group of plaintiffs" and avoid "the potential for overreaching," with the resulting "loss of the efficiencies envisioned by the drafters of the FLSA"). Thus, the plaintiff's showing in an FLSA case to obtain approval as a collective action, while modest, must be based on some substance. See Guillen I, 750 F. Supp. 2d at 480; accord Raniere, 2011 WL 5881926, at * 22 (requiring "some factual basis" that would allow the court to determine if similarly situated potential plaintiffs exist) (internal quotation marks and citations omitted); Prizmic, 2006 WL 1662614, at * 2 (plaintiff must provide "actual evidence" of a link between plaintiff's situation and those in the proposed collective action). Guillen has not made the requisite showing that he is similarly situated to ASMs nationwide with respect to his claim that Marshalls violated the FLSA by requiring him to perform non-exempt tasks.

IV. Conclusion

For the foregoing reasons, plaintiff's motion for conditional approval of a collective action (Docket ## 44 & 48) is denied.

Dated: January 13, 2012
New York, New York

GABRIEL W. GORENSTEIN
United States Magistrate Judge