

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - X
                                 :
MARTIN GUILLEN, et al.,          :    09 Civ. 9575 (LAP) (GWG)
                                 :
            Plaintiff,           :    MEMORANDUM & ORDER
                                 :
                                 :
                                 :
MARSHALLS OF MA, INC., et al.,   :
                                 :
            Defendants.          :
                                 :
- - - - - - - - - - - - - - - - X

LORETTA A. PRESKA, Chief United States District Judge:

    On January 13, 2012, Magistrate Judge Gorenstein issued a Report and Recommendation denying Plaintiff's second motion for conditional class certification pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq. Plaintiff filed his objections to that Report and Recommendation on January 26, 2012 ("Pl. Obj."), and Defendants filed a memorandum of law opposing those objections on February 9, 2012. The Court has also had the benefit of numerous submissions of supplemental authority from both parties in the interim. Having contemplated Plaintiff's objections and having nonetheless found Judge Gorenstein's decision to be correct and appropriate upon de novo review, see Fed. R. Civ. P. 72(b), his Report and Recommendation is hereby ADOPTED.

In particular, the Court agrees that Plaintiff's argument for conditional nationwide class certification is fatally flawed insofar as it would require this Court to ignore Plaintiff's inability to point to a factual nexus between his own wage and hour claim and the claims of thousands of other Marshalls Assistant Store Managers ("ASMs") across 830 Marshalls stores across the country. While it is certainly true that FLSA conditional class certification requires a far more modest showing than traditional Fed. R. Civ. P. 23 class certification, an FLSA plaintiff must nonetheless allege "'some identifiable factual nexus which binds the named plaintiffs and potential class members together as victims'" of a particular practice. Hoffman v. Sbarro, Inc., 982 F. Supp. 249, 261 (S.D.N.Y. 1997) (quoting Heagney v. European Am. Bank, 122 F.R.D. 125, 127 (E.D.N.Y. 1988)). This Court has already stated that the relevant practice that binds FLSA plaintiffs together is the one that is alleged to have violated the statute itself. See Guillen v. Marshals of MA, Inc., et al. (Guillen I), 750 F. Supp. 2d 469, 475 (S.D.N.Y. 2010) (citing cases).

For this reason, courts in this Circuit have routinely held that the mere fact of a common FLSA-exempt designation, job description, or uniform training is insufficient to find ASMs "similarly situated" for FLSA purposes. See Khan v. Airport Mgmt. Servs., LLC, No. 10 Civ. 7735, 2011 WL 5597371, at *4

2

(S.D.N.Y. Nov. 16, 2011) ("[P]laintiff's reliance on the centralized job descriptions maintained by defendants is misplaced."); Vasquez v. Vitamin Shoppe Indus. Inc., No. 10 Civ. 8820, 2011 WL 2693712, at *4 (S.D.N.Y. July 11, 2011) ("[T]he mere classification of a group of employees—even a large or nationwide group—as exempt under the FLSA is not by itself sufficient to constitute the necessary evidence of a common policy, plan, or practice that renders all putative class members as 'similarly situated' for § 216(b) purposes."); Eng-Hatcher v. Sprint Nextel Corp., No. 07 Civ. 7350, 2009 WL 7311383, at *3 (S.D.N.Y. Nov. 13, 2009) (denying certification where the plaintiff could only point to a presumptively legal official policy and relied only upon her own deposition testimony to support the allegation of a contrary de facto illegal policy). The Court of Appeals recently reaffirmed this principle in Myers v. Hertz Corp., 624 F.3d 537 (2d Cir. 2010), cert. denied, 132 S. Ct. 368 (2011), when it stated that FLSA class certification was only appropriate once "plaintiffs make a 'modest factual showing' that they and potential opt-in plaintiffs 'together were victims of a common policy or plan that violated the law.'" Id. at 555 (quoting Sbarro, 982 F. Supp. at 261) (emphasis added).

While that showing may be modest, "it is not non-existent." Khan, 2011 WL 5597371, at *5. Accordingly, for the reasons

Judge Gorenstein stated in his Report and Recommendation, Plaintiff's allegations are deficient in this regard, resting on a handful of ASM affidavits, each of which recounts individual incidents of being required to perform non-exempt tasks. These allegations stand in stark contrast to, among other cases in which conditional class certification was granted, Cano v. Four M Food Corp., No. 08 Civ. 3005, 2009 WL 5710143 (E.D.N.Y. Feb. 3, 2009). In Cano, Judge Bianco specifically noted the putative plaintiffs' testimony regarding "common denial of overtime pay" and "personal knowledge of and the names of other co-workers who were allegedly subject to the same denial of overtime pay." Id. at *6; cf. Guillen I, 750 F. Supp. 2d at 477-78 (noting that Plaintiff had "no personal knowledge about how stores, other than those at which [he] was an employee, operated"). Moreover, what allegations do exist in this case are far too localized to merit a conditional nationwide class certification. See, e.g., Vasquez, 2011 WL 2693712, at *3 ("[A] geographically concentrated cluster of [store managers] whom [plaintiff] claims were assigned duties inconsistent with their exempt classification . . . is too thin a reed on which to rest a nationwide certification."). Notwithstanding these deficiencies, Plaintiff states in his objections that "any collective action members who join the case would be 'similarly situated with respect to their allegations that the law has been

4

violated' because they would be asserting the same FLSA allegations since Marshalls has admitted that it failed to pay overtime to all collective action members." (See Pl. Obj. at 13 (emphasis added) (citation omitted).) This Court will not presume without more, however, that such a national host of "collective action members" with "allegations that the law has been violated" in fact exists. The Court therefore agrees with Judge Gorenstein that Plaintiff has failed to satisfy even the modest burden required under the FLSA.

Finally, this Court rejects Plaintiff's numerous attempts to eliminate any distinction between the question of conditional class certification and the underlying merits of the case. In his objections, Plaintiff argues that Judge Gorenstein's Order "quite literally required Plaintiff to prove that putative collection action members are similarly situated as to the merits of the claims." (See Pl. Obj. at 5 (emphasis added).) This is both inaccurate and borders on misrepresenting Judge Gorenstein's opinion. The opinion requires no more than something beyond unsupported allegations—something that could "plausibly lead to the inference that ASMs nationwide are performing non-exempt tasks." See Guillen v. Marshals of MA, Inc., et al. (Guillen II), No. 09 Civ. 9575, 2012 WL 117980, at *3 (S.D.N.Y. Jan. 13, 2012) (emphasis added). This minimal requirement is entirely consistent with the Court of Appeals'

5

recent decision in Hertz. See Hertz, 624 F.3d at 555 ("The modest factual showing cannot be satisfied simply by unsupported assertions.") Nor, contrary to Plaintiff's assertion without citation to the record or the opinion, does Judge Gorenstein require that Plaintiff allege that the nationwide experience of the ASMs are "effective identicality [sic] as to the merits of the alleged FLSA violation." (See Pl. Obj. at 5.) Accordingly, this Court finds that the decision is not "clearly erroneous or contrary to law." See Fed. R. Civ. P. 72(a).

## CONCLUSION

Having found Judge Gorenstein's decision to be correct and appropriate upon de novo review, see Fed. R. Civ. P. 72(b), his Report and Recommendation is hereby ADOPTED.

SO ORDERED:

DATED:   New York, New York
         June 30, 2012

*Loretta A. Preska*
LORETTA A. PRESKA
Chief U.S. District Judge

6